UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor,<br><br>                Plaintiff,<br><br>v.<br><br>QING XING, INC., a corporation dba Super Buffet; SHI XING ZHANG, individually; XIAO BIN LIN aka JENNY LIN, individually; and YUN SUN, individually,<br><br>                Defendants. | CASE NO. C12-5720MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment filed by Plaintiff Department of Labor. (Dkt. No. 22.) Having reviewed the motion, Defendants' response (Dkt. No. 25), and all related filings (Dkt. Nos. 23, 24, 26, and 27), the Court GRANTS Plaintiff's motion and ORDERS that summary judgment is hereby entered in favor of Plaintiff.

**Background**

Plaintiff, the U.S. Department of Labor, brings this action against Defendants Qing Xing, Inc., Shi Zing Zhang, Xio Bin Lin, and Yun Sun, alleging numerous violations of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. § 201 et seq. (Dkt. No. 1 at 2.) Defendants, which operates a Chinese restaurant in Dupont, Washington, is accused of violating the Act by failing to pay its employees the minimum wage, failing to provide overtime pay for hours worked in excess of 40 hours per week, and failing to keep accurate records for all hours worked by each employee. (Dkt. No. 22 at 2.)

Defendants agree that Super Buffet is an employer within the meaning of the Act and that its employees were engaged in interstate commerce within the meaning of the Act. (Dkt. No. 25 at 3-4.) However, Defendants assert that Plaintiff's calculations about minimum wage and overtime wages are incorrect, because "[t]he computation does not include the monthly rent and food costs for employees that was paid for by the Defendants." (Id. at 7.) Defendants also deny that they failed to keep accurate payroll records for the majority of their employees. (Id. at 9.)

Plaintiff requests that the Court grant summary judgment on the issues of Defendants' liability under sections 6, 7, and 11 of the Act, 29 U.S.C. §§ 201-219, enjoin Defendants from future violations of the Act, and award backwages and liquidated damages as provided by the Act. (Dkt. No. 22 at 1-2.) Plaintiff provides two documents in support of its motion. First, Plaintiff provides a copy of the requests for admission that it served on Defendants March 19, 2013. (Dkt. No. 23-1.) Plaintiff asserts that, pursuant to Federal Rule of Civil Procedure 36(a)(3), the subject matter in those requests must be deemed admitted because Defendants did not provide an answer within 30 days. (Dkt. No. 23.) Plaintiff also provides the declaration of Department of Labor Wage Hour investigator Ming Sproule, which describes the wage and hour

1 violations in detail, computes back wages, and asserts that Defendants knew about the Act's
2 requirements because they were provided with a Chinese-language version of a Department of
3 Labor Fact Sheet and because one of the restaurant's owners, Ji Li, admitted he knew employers
4 had to pay minimum wages and overtime. (Dkt. No. 24.)

5 Defendants assert that they did not respond to Plaintiff's requests for admission because a
6 settlement had been reached in principle and because Defendants believed that "discovery was
7 no longer an issue since we had come to an agreement on the settlement and were just waiting on
8 my client to secure the loans." (Dkt. No. 27 at 2.) Defendants also provide a declaration from
9 Xiao Bin Lin, who is identified as a 35% owner of Qing Xing, Inc., stating that Qing Xing, Inc.
10 paid employees the correct minimum wage and that the company never received the DOL fact
11 sheet. (Dkt. No. 26.)

**Discussion**

A. Legal Standard

Federal Rule 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In determining whether a factual dispute requiring trial exists, the court must view the record in the light most favorable to the nonmovant. Id. at 255. All material facts alleged by the non-moving party are assumed to be true, and all inferences must be drawn in that party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008). If the moving party satisfies its burden, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Matushita Elec. Indus. Co. v. Zenith Radio

1 Corp., 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational

2 trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id.

3     B. Requests for Admission

4 The matters that were the subject of Plaintiff's March 19, 2013 requests for admission are

5 deemed admitted for the purposes of this motion because Defendants failed to respond to

6 Plaintiff's discovery request. Federal Rule 36(a) states that a matter is deemed admitted "unless,

7 within 30 days after service of the request . . . the party to whom the request is directed serves

8 upon the party requesting the admission a written answer or objection addressed to the matter,

9 signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). Once admitted, the matter

10 is "conclusively established unless the court on motion permits withdrawal or amendment of the

11 admission" pursuant to Rule 36(b).

12 Here, Plaintiff shows that it served the requests for admission on March 19, 2013. (See

13 Dkt. No. 23 at 2.) Defendants' counsel asserts that it was his "understanding that the discovery

14 was no longer an issue since we had come to an agreement on the settlement and were just

15 waiting on my client to secure the loans." (Dkt. No. 27 at 2.) But this argument fails for two

16 reasons. First, a review of the email correspondence between Plaintiff's counsel and Defendants'

17 counsel shows it is obvious that no agreement was ever reached. (See Dkt. No. 27-1 at 1

18 (Plaintiff's counsel states that if Defendants can secure a loan for $400,000 to pay a settlement,

19 he would "recommend that Wage Hour accept your offer").) This agreement was never

20 consummated because Defendants never obtained the loan, and because Plaintiff's counsel only

21 stated he would "recommend" his client accept the settlement, not that the matter would be

22 settled. (Id.) Second, Defendants offer no basis for the Court to conclude that these settlement

23 negotiations somehow relieved it of the obligation to respond to outstanding discovery requests.

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 4

As the Ninth Circuit has explained, "It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states." Asea, Inc. v. Southern Pacific Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1982). Federal Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Here, Defendants filed no motion asking the Court to withdraw its admission, so the matters in Plaintiff's requests for admission are deemed conclusively established. (Dkt. No. 23-1.) These established facts include, among others, that every individual listed in Exhibit A of the Complaint was an employee of Defendants, that wait persons at the Dupont Super Buffet restaurant worked for tips only, that employees worked from 10:00 a.m. to 10:00 p.m. six days a week, and that the gross volume of Defendants' sales exceeded $500,000 annually from 2008 to 2011. (Id. at 13-14.)

C. FLSA Violations

Plaintiff, by citing to materials in the record, shows that there is no genuine issue of material fact that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The Fair Labor Standards Act requires employers to pay employees at least the federal minimum wage for all hours worked, pay at least one and one half times the minimum wage for all hours worked in excess of 40 in a work week, and maintain certain records related to the employment of employees. 29 U.S.C. §§ 206(a), 207(a), and 211(c). Failure to comply with these requirements exposes an employer to injunctions and payment of wages due plus liquidated damages. 29 U.S.C. §§ 216-217.

In the absence of accurate records kept by the employer in accordance with 29 C.F.R. § 516.2, back wages for hourly workers are established through the methodology found in the Wage Hour regulations at 29 C.F.R. § 778.110. Here, the Wage Hour investigator determined

that minimum wage violations resulted in back wages totaling $430,824.18. (Dkt. No. 24 at 4.) The investigator computed this amount using the standard formula of dividing total wages by the total hours worked, then subtracting the regular rate from the applicable federal minimum wage to determine the minimum wage due per hour. (Id.) The investigator also found that $524,706.87 in overtime back wages is owed. (Id. at 5.) The investigator computed this amount by subtracting 40 hours from the total hours worked each week to determine overtime hours, multiplying the overtime hours by the minimum wage, and multiplying the straight time paid by 0.5. (Id.) The investigator also found that Defendants' "payroll, time worked and basis [sic] employee information was incomplete, inaccurate or non-existent as to rates of pay, amounts paid, employment periods, job classifications, starting/ending times and number of days worked and what the employees worked." (Id. at 5.) The investigator gathered this information by interviewing 13 employees and conducting surveillance of the Dupont Super Buffet restaurant on two mornings and one evening. (Id.)

Defendants attack this calculation, stating that the amount of money spent by the Defendants on housing and food for the employees has not been figured into the calculations to determine whether or not the employees were paid minimum wage and overtime wage. (Dkt. No. 25 at 7.) But Defendants provide no authority supporting its assertion that housing or food costs should be taken into account under the Act, and it provides no detail regarding these supposed expenditures. (Id.) Plaintiff has satisfied its burden under Rule 56, and Defendants have failed to provide "specific facts showing that there is a genuine issue for trial." Matushita, 475 U.S. at 587.

Plaintiff also demonstrates that no genuine issue of fact exists as to whether Defendants willfully violated the Act. An action to recover back wages under the Act may extend three years

prior to the date of the applicable tolling agreement of filing of a Complaint where the violations of the Act were willful. 29 U.S.C. § 255(a). An employer willfully violates the Act "where the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act." 29 C.F.R. § 578.3(c). Here, Plaintiff provides a declaration of an investigator stating that Defendants were provided with Chinese-language versions of the DOL fact sheet "Restaurants and Fast Food Establishments Under the FLSA," which explains the FLSA requirements. (Dkt. No. 24 at 6.) The declaration also states that Defendants' accountant provided them with Chinese versions of other fact sheets about the FLSA. (Id.) This strongly supports a finding that Defendants knew the requirements of the Act. In response, Defendants argue that "[j]ust because Mr. Li was an employee at a Chinese restaurant does not mean that he knows the correct and legal ways to run a business." (Dkt. No. 25 at 10.) Defendants' declaration states that "Qing Xing, Inc., [sic] has never received a Chinese version of a DOL fact sheet," but it does not assert that individual Defendants did not receive the fact sheet, or that Defendants' attorney and accountant provided fact sheets. (Dkt. No. 26.) Defendants offer no specific facts showing that they were unaware of the requirements of the Act. Without more, these bare assertions are insufficient to defeat summary judgment. See Matushita, 475 U.S. at 587.

D. Liquidated Damages

Lastly, Plaintiff is entitled to liquidated damages in this matter. The Act provides that "[t]he Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation and an equal amount as liquidated damages." 29 U.S.C. § 216(c). Once a plaintiff establishes liability for unpaid wages, double damages are the norm. Alvarez v. IBP, Inc., 339 F.3d 894, 910 (9th Cir. 2003). Here, the undisputed material facts conclusively demonstrate Defendants' violations of the minimum wage

and overtime provisions of the Act. Therefore, Plaintiff is entitled to liquidated damages in an amount equal to the backwages owed.

## Conclusion

Plaintiff's motion for summary judgment is GRANTED. The Court grants Plaintiff the relief requested in Plaintiff's complaint, including a permanent injunction enjoining Defendants from violating the provisions of the Act, and damages in the amount of $955,531.05 representing backwages for the individuals on Exhibit A to the Complaint, as well as $955,531.05 in liquidated damages due under the Act.

Defendants are required to make all payments referenced above no later than 30 days from the entry of this order. Payment is to be made via regular payroll checks to each individual employee and Defendants are responsible for calculating and deducting all applicable withholdings. Checks shall be made payable in the alternative to the named employee or "USDOL" and shall be delivered by Defendants directly to the individual. For any individuals whose address is unknown to Defendants, Defendants shall send the check directly to the Department at the address below. For all other individuals, Defendants shall send a copy of the check, along with a statement of any deductions taken to:

> US Department of Labor, Wage and Hour Division
> 300 Fifth Avenue, Suite 1125
> Seattle, WA 98104

The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of September, 2013.

Marsha J. Pechman
United States District Judge